20-860

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **DR. AJA GARDNER** | § | |
| **PLAINTIFF** | § | |
| **V.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **SOUTHWEST INDEPENDENT** | § | |
| **SCHOOL DISTRICT,** | § | |
| **DEFENDANT** | § | |

_____

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff DR. AJA GARDNER ("Dr. Gardner") to hereby file her "Plaintiff's Original Complaint" ("Complaint") and in support Dr. Gardner would show this Honorable Court the following.

### PREAMBLE

### *EXPERIENCED TEACHER*
### *FIRED BECAUSE SHE IS BLACK*

*Plaintiff was the original principal of the CAST Stem High School within Defendant Southwest Independent School District. Notwithstanding Plaintiff's absolutely stellar reputation and years of experience, Defendant pursued a deliberate path of discrimination because of Dr. Gardner's race and in retaliation of Dr. Gardner expressing her First Amendment Freedom of Speech. Following a well-planned and implemented path to force Plaintiff to quit, which Dr. Gardner refused, Defendant Southwest Independent School District demoted Dr. Gardner, cut her salary, refused to pay her sums Dr. Gardner had already accrued and were due, and has destroyed Dr. Gardner's health and reputation.*

## A.  NATURE OF SUIT

1.      Plaintiff Dr. Gardner has been the victim of systematic and ongoing discrimination in Dr. Gardner's workplace based on Dr. Gardner's African-American ethnicity and in retaliation for Dr. Gardner's exercise of Dr. Gardner's rights under the First Amendment of the United States Constitution. Such acts of discrimination caused, contributed to, and maintained a hostile workplace environment in addition to being actionable in and of themselves including the unilateral and illegal failure to pay Dr. Gardner funds she is due. Plaintiff Dr., Gardner attempted many times to have Defendant SOUTHWEST-ISD (hereafter defined) stop the discrimination, but Defendant failed and refused to do so. After Defendant SOUTHWEST-ISD finally understood that Dr. Gardner was not going to resign and walk away, Defendant SOUTHWEST-ISD arranged for the Professional Lynching (defined hereafter) of Dr. Gardner including improper an Demotion (defined hereafter) and a blatant refusal to pay her salary already accrued. Plaintiff Dr. Gardner now seeks judicial redress in accordance various statutory remedies available to Dr. Gardner.

2.      Plaintiff Dr. Gardner now files this original action for damages and equitable relief pursuant to:

>    (a)    42 U.S.C. §§2000d-2000d-7 *et seq* being Title VI of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991;

(b)     29 U.S.C. § 201, 52 Stat. 1060, Fair Labor Standards Act of 1938; and

(c)     42 U.S.C. § 1983 with regards to:

(i)     Defendant's violations of the laws of the United States;

(ii)    Defendant's denial (under the color of law) of Plaintiff Dr. Gardner's equal protection, procedural due process violations, and substantive due process rights granted by the Fourteenth Amendment to the U.S. Constitution; and

(iii)   Defendant's denial (under the color of law) of Plaintiff Dr. Gardner's freedom of expression and assembly rights granted by the First Amendment to the U.S. Constitution.

## B.  PARTIES

3.      Plaintiff Dr. Gardner is a female of African-American heritage who resides in the State of Texas. Plaintiff Dr. Gardner has dedicated her life to the education of children.

4.      Defendant Southwest Independent School District ("SOUTHWEST-ISD") is a public school district formed under the laws of the State of Texas, operates under the authority of the State of Texas and the United States Department of Education, and may be served with summons upon its superintendent as follows:

**SOUTHWEST INDEPENDENT SCHOOL DISTRICT**
**ATTN: Dr. Lloyd Verstuyft, Superintendent**
**11914 Dragon Lane**
**San Antonio, Texas 78252**

## C. JURISDICTION and VENUE

5.     The original jurisdiction of this Court is in accordance with 28 U. S. C.

§ 1331 as involving a *federal question* proceeding arising under:

(a)     42 U.S.C. §§2000d-2000d-7 *et seq* being Title VI of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VI");

(b)     29 U.S.C. § 201, 52 Stat. 1060, Fair Labor Standards Act of 1938 ("FLSA"); and

(c)     42 U.S.C. § 1983 ("Section 1983") with regards to:

    (i)     Defendant's violations of the laws of the United States;

    (ii)    Defendant's denial (under the color of law) of Plaintiff Dr. Gardner's equal protection, procedural due process violations, and substantive due process rights granted by the Fourteenth Amendment to the U.S. Constitution; and

    (iii)   Defendant's denial (under the color of law) of Plaintiff Dr. Gardner's freedom of expression and assembly rights granted by the First Amendment to the U.S. Constitution;

6.     Venue is proper in the Western District of Texas (San Antonio Division) because Defendant SOUTHWEST-ISD operates its schools in, and from, San Antonio, Texas in Bexar County, Texas, which is also where the underlying events occurred. San Antonio and Bexar County are within the Western District of Texas.

## D.   FACTUAL BACKGROUND

### WHO IS PLAINTIFF DR. GARDNER?

7.      Plaintiff Dr. Gardner is a female of American-American heritage.

8.      Plaintiff Dr. Gardner has been an education employee in the State of Texas for many years.

9.      Because of Plaintiff Dr. Gardner's exemplary record as an educator and an administrator, Defendant SOUTHWEST-ISD hired Dr. Gardner (in 2017) to be the founding principal of the CAST Stem High School ("CAST STEM HS") owned and operated by Defendant SOUTHWEST-ISD.

10.     The CAST STEM HS is partially funded through private donations by organizations and companies within the San Antonio area.

11.     Plaintiff Dr. Gardner was beyond overjoyed at the opportunity and challenge she faced. As the founding principal of CAST STEM HS, Dr. Gardner was able to utilize all of her educational, administrative, and leadership skills to start the CAST STEM HS from scratch.

12.     The contract for Plaintiff Dr. Gardner asked for a commitment of five years, but Dr. Gardner had no qualms about such a long commitment to a job Dr. Gardner was enthusiastic in holding.

13.     Notwithstanding that Plaintiff Dr. Gardner did, in fact, literally build the CAST STEM HS from the ground-up, Defendant SOUTHWEST-ISD cast Dr.

Gardner away as a piece of trash once Defendant SOUTHWEST-ISD determined that Defendant could get a non-African-American woman to replace Dr. Gardner.

### WHO IS DEFENDANT SOUTHWEST-ISD?

14.     As stated, Defendant SOUTHWEST-ISD is a public school district formed under the laws of the State of Texas and operates under the authority of the State of Texas and the United States Department of Education.

15.     As part of its funding, Defendant SOUTHWEST-ISD receives grants and other funds from the United States government that are used for the primary objective of providing for the employment of educators and administrators of students, such as Plaintiff Dr. Gardner.

16.     Through the direct use of such funding from the United States, or, through the general co-mingling of such funds into the revenue stream of Defendant SOUTHWEST-ISD, Defendant SOUTHWEST-ISD compensated Plaintiff Dr. Gardner through a "Contract" between Defendant SOUTHWEST-ISD and Dr. Gardner.

### Defendant SOUTHWEST-ISD's Wrongful Actions towards Dr. Gardner.

17.     Out of the blue and blind-siding Plaintiff Dr. Gardner, Dr. Gardner was recently informed that she was being removed as the principal of Defendant's CAST STEM HS. Notwithstanding that no proper basis existed for her removal, Dr.

Gardner was merely informed that she would be re-assigned to a different position somewhere else in the District ("Removal"). No reason was given for the Removal.

18.    On May 16, 2020, Defendant SOUTHWEST-ISD announced a replacement for Plaintiff Dr. Gardner.  Not only is the replacement principal not of African-American heritage, but Defendant SOUTHWEST-ISD's hiring of the replacement was done in a timing and manner indicating that Dr. Gardner's replacement had been selected long before Dr. Gardner was informed of her Removal.

19.    Without Plaintiff Dr. Gardner's consent, Defendant SOUTHWEST-ISD took public action to humiliate Dr. Gardner by sending letters to all of the families of students attending CAST STEM HS as well as all the CAST STEM HS teachers and staff.

20.    On June 2, 2020, Defendant SOUTHWEST-ISD demoted Plaintiff Dr. Gardner ("Demotion") by informing her that (a) Dr. Gardner would (at some point in the future) be assigned to a new school as an assistant principal, (b) Dr. Gardner's last day as principal of CAST STEM HS would be June 11, 2020, and (c) Dr. Gardner was to report to a dead-in job for the remainder of her Spring 2020 contractual days. QUERY: If Plaintiff Dr. Gardener's last day as principal of the CAST STEM HS was set for June 11, 2020, how in the world could Defendant

SOUTHWEST-ISD have legally engaged a replacement for Dr. Gardner almost one month before.

21.     Defendant SOUTHWEST-ISD's deliberate acts to humiliate and sully the reputation of Plaintiff Dr. Gardner continued as Defendant asked a potential student intern of CAST STEM HS: "How do you feel about the removal of your principal," being Dr. Gardner. Not only was the question inappropriate, such question was certainly a FERPA confidentiality violation.

22.     To make matters more difficult for Plaintiff Dr. Gardner, Defendant SOUTHWEST-ISD prematurely locked Dr. Gardner out of the District email and document management system and unceremoniously made Dr. Gardner vacate her office.

23.     On July 1, 2020, Plaintiff Dr. Gardner received another memo from Defendant SOUTHWEST-ISD stating that, at some point, Dr. Gardner would receive a new assignment (being the previously announced Demotion), but this memorandum also stated that Dr. Gardner's salary would be significantly reduced, with a shortened contract term. Then, without any notice, Defendant SOUTHWEST-ISD simply stopped paying Dr. Gardner for time already accrued and due to Dr .Gardner

24.     The author of the July 1, 2020 memo was JoAnn Fey ("Fey"), a Caucasian, who is most likely the person behind the plan to get rid of Plaintiff Dr. Gardner because Dr. Garner is African-American.

25.     Ms. Fey's god-father is the president of the Board of Trustees ("Board") of Defendant SOUTHWEST-ISD. Ms. Fey continuously announces to the world that the District belongs to her (Ms. Fey), that she (Ms. Fey) is untouchable, that she (Ms. Fey) will be the next superintendent, and that she (Ms. Fey) can do whatever she wants.

26.     In some of the first discussions between Plaintiff Dr. Gardner and Ms. Fey, Ms. Fey assured Dr. Gardner that Dr. Gardner's African-American heritage would not be a problem for her (Ms. Fey) because as a coach, she (Ms. Fey) had coached many Black female students.

27.     The intimidation and discrimination directed by Ms. Fey towards Plaintiff Dr. Gardner were so consistent and toxic that Dr. Gardner filed a formal grievance against Ms. Fey. However, the grievance was never heard and Ms. Fey continued her discriminatory acts against Dr. Gardner.

28.     The filing of such grievance then motivated Ms. Fey to start rumors and gossip that Dr. Gardner was a "malcontent" employee who could not be trusted.

29.    As recently as yesterday, Ms. Fey emailed Plaintiff Dr. Gardner accusing Dr. Gardner of improperly withholding documents from Defendant SOUTHWEST-ISD, issuing additional arbitrary ultimatums.

30.    During her tenure as principal of CAST STEM HS, Defendant SOUTHWEST-ISD routinely "forgot to invite" Dr. Gardner to District functions, meetings, and other gatherings. Dr. Gardner's name was also routinely not included in the list of other named participants in other meetings and events.

31.    Upon Defendant SOUTHWEST-ISD's Removal and Demotion of Dr. Gardner, Dr. Gardner did file another grievance. However, Defendant SOUTHWEST-ISD is refusing to hear such grievance while the district conducts its own internal investigation. How impartial is that investigation likely to be?

32.    On June 15, 2020, fifty-nine persons filed a public complaint with the superintendent of Defendant SOUTHWEST-ISD, outlining their collective unhappiness with the abrupt and unnecessary Removal of Plaintiff Dr. Gardner as the principal of CAST STEM HS.  Not surprisingly, Defendant SOUTHWEST-ISD denied the request to return Dr. Gardner as principal.

33.    The foregoing acts and omissions of Defendant SOUTHWEST-ISD as to Plaintiff Dr. Gardner have resulted in what is tantamount to a "Professional Lynching" of the career of Plaintiff Dr. Gardner.

### *Defendant SOUTHWEST-ISD's "Municipal Liability"*

34.     Defendant SOUTHWEST-ISD committed and allowed the commission of, the misconduct described in this Complaint intentionally, with actual malice, reckless disregard, and intentional indifference towards Plaintiff Dr. Gardner.

35.     Texas law deems Dr. Gardner's Contract to create a property interest that Dr. Gardner holds.

36.     Defendant SOUTHWEST-ISD committed, and allowed the commission, of the targeted discrimination against Dr. Gardner and implemented it under color of law.

37.     Defendant SOUTHWEST-ISD's personnel who acted against Plaintiff Dr. Gardner did so while performing their assigned SOUTHWEST-ISD duties, as prescribed by Defendant SOUTHWEST-ISD's superintendent and/or its Board (being the ultimate policymaker of Defendant SOUTHWEST-ISD).

38.     If Defendant's SOUTHWEST-ISD's policies, practices, and procedures were not in written form, Defendant SOUTHWEST-ISD and its agents implemented them in accord with the customs and practices of SOUTHWEST-ISD's policymakers.

39.     Defendant SOUTHWEST-ISD's discriminations towards Plaintiff Dr. Gardner represents actions of complete and deliberate indifference to Dr. Gardner,

and, made it necessary for Dr. Gardner to retain legal counsel and to file this lawsuit to seek redress such discrimination.

*Harm to Plaintiff Dr. Gardner*

40.    Defendant SOUTHWEST-ISD's discrimination against Plaintiff Dr. Gardner has caused Dr. Gardner to suffer physical and economic harm, including without limitation lost pay and medical expenses. Dr. Gardner also suffered extreme emotional harm as a result of the referenced discriminatory actions of Defendant SOUTHWEST-ISD.

41.    Plaintiff Dr. Gardner has met all conditions precedent to bring these claims before this Honorable Court.

### E.   CAUSES OF ACTION

42.    The foregoing factual allegations contained in the foregoing Section D: Factual Background are incorporated into this Section E by reference for all purposes.

### COUNT ONE: VIOLATION OF TITLE VI

43.    Title VI provides in relevant part that: "No person in the United States shall, on the grounds of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

44.    Because Defendant SOUTHWEST-ISD (1) does receive federal financial assistance, the primary objective of which is to provide employment, and (2) applied such funding to the programs or activities through which the referenced discrimination was implemented as described herein, which were intentionally directed at Plaintiff Dr. Gardner because of Dr. Gardner's race, Defendant SOUTHWEST-ISD has violated Title VI.

45.    Defendant SOUTHWEST-ISD's  acts and omissions against Plaintiff Dr. Gardner  in  violation  of  Title VI have caused Plaintiff Dr. Gardner to suffer a loss of benefits and created economic losses, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Dr. Gardner now sues in accord with Title VI.

46.    Defendant SOUTHWEST-ISD's acts and omissions against Plaintiff Dr. Gardner  in  violation  of  Title VI have caused Plaintiff Dr. Gardner to suffer mental and emotional distress and damages, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Dr. Gardner now sues in accord with Title VI.

## COUNT TWO: FLSA

47.    As set forth, Defendant SOUTHWEST-ISD TISD refused to pay Plaintiff Dr. Gardner wages earned.

48.    Plaintiff Dr. Gardner has suffered actual and consequential damages as

a result of such wage violations by Defendant TISD, for which Plaintiff now sues for relief.

## **<u>COUNT THREE: VIOLATION OF SECTION 1983</u>**

49.     42 U.S.C. §1983 provides in part:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, a citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action and law, suit in equity, or other proper procedure for redress….

50.     Defendant SOUTHWEST-ISD's acts and omissions in violation of Title VI and the FLSA also violate Section 1983 because SOUTHWEST-ISD committed those acts and omissions under color of law, through designated persons of authority implementing their SOUTHWEST-ISD assigned duties and responsibilities.

51.     Further, the Fourteenth Amendment to the United States Constitution grants Plaintiff Dr. Gardner the right to procedural and substantive due process and to equal protection under the law, which were denied to Dr. Gardner.

52.     Also, the First Amendment to the United States Constitution grants Plaintiff Dr. Gardner the right to express complaints and concern for other's rights with Defendant SOUTHWEST-ISD both orally and in writing. The First

Amendment also grants Dr. Gardner the right to assemble peaceably, which SOUTHWEST-ISD denied Dr. Gardner.

53.    Defendant SOUTHWEST-ISD's acts and omissions were intentional, arbitrary, and capricious, resulting in violation of Plaintiff Dr. Gardner's procedural and substantive due process and to equal protection under the law.

54.    Defendant SOUTHWEST-ISD's  acts and omissions against Plaintiff Dr. Gardner  in  violation  of  Section 1983 have caused Plaintiff Dr. Gardner to suffer  a  loss  of  benefits  and  created  economic  losses,  including  all  actual, consequential, continuing, and future  compensatory damages, for which Plaintiff Dr. Gardner now sues in accord with Section 1983.

55.    Defendant SOUTHWEST-ISD's acts and omissions against Plaintiff Dr. Gardner  in  violation  of  Section 1983 have caused Plaintiff Dr. Gardner to suffer  mental  and  emotional  distress  and  damages,  including  all  actual, consequential, continuing, and future compensatory damages, for which Plaintiff Dr. Gardner now sues in accord with Section 1983.

## COUNT FOUR: EXEMPLARY AND/OR LIQUIDATED DAMAGES

56.    Various  of  the  statutes  that  Defendant  SOUTHWEST-ISD's misconduct violated permit the recovery of exemplary and/or liquidated damages. Defendant  SOUTHWEST-ISD's  misconduct  entitles  Plaintiff  Dr.  Gardner  to recover  exemplary  and/or  liquidated  damages  from  SOUTHWEST-ISD  in  an

amount sufficient to punish SOUTHWEST-ISD for its misconduct and to deter similar misconduct in the future.

## COUNT FIVE: ATTORNEY'S FEES

57.    Various of the statutes that Defendant SOUTHWEST-ISD's misconduct violated permit the recovery of reasonable and necessary attorney's fees. Defendant SOUTHWEST-ISD's misconduct entitles Plaintiff Dr. Gardner to recover from SOUTHWEST-ISD Dr. Gardner's reasonable and necessary attorney's fees.

## COUNT SIX: INTEREST AND COSTS OF COURT

58.    Various of the statutes that Defendant SOUTHWEST-ISD's misconduct violated permit the recovery of interest.

59.    Plaintiff Dr. Gardner is entitled to recover from Defendant SOUTHWEST-ISD both prejudgment interest, where permitted, and post judgment interest, at the highest rates permitted by law.

60.    Plaintiff Dr. Gardner is further entitled to recover from Defendant SOUTHWEST-ISD Dr. Gardner's costs of court.

## F. JURY TRIAL

61.    Plaintiff Dr. Gardner hereby requests a trial by jury in this lawsuit.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Dr. Gardner respectfully prays that upon final trial of this matter Dr. Gardner recover a judgment against Defendant SOUTHWEST-ISD for:

- Plaintiff's actual and consequential damages;
- Exemplary damages in the manner requested above;
- Plaintiff's reasonable and necessary attorney's fees;
- Prejudgment and post judgment interest, as applicable;
- Plaintiff's costs of court; and

Any and all such other relief, legal and equitable, as to which Plaintiff may be justly entitled.

Respectfully submitted,

Gorman Law Firm, pllc

Terry P. Gorman, Esq.
Texas Bar Number 08218200
901 Mopac Expressway South, Suite 300
Austin, Texas 78746
Telephone: 214.802.3477 (direct)
Telecopier: 512.597.1455
tgorman@school-law.co
**COUNSEL FOR PLAINTIFF**
**DR. AJA GARDNER**

'